THE LUCAS E. MOORE STAVE COMPANY, Respondent, *v.* THE M. MOSSON COMPANY, Appellant.

(Supreme Court, Appellate Term, February, 1908.)

Contracts — Actions on contracts — Pleading and proof — Pleading performance and proof of waiver or excuse.

In an action to recover upon a contract, where the plaintiff alleges performance, he cannot introduce evidence upon the trial to prove defendant's waiver of performance.

APPEAL by the defendant from three judgments of the Municipal Court of the city of New York, first district, borough of Manhattan, rendered in favor of the plaintiff.

Clarke & McDivitt (Charles E. Clarke, of counsel), for appellant.

Conway & Williams, for respondent.

Gerard, J. These three actions were tried together. They were brought to recover the value of three carloads of lumber sold by plaintiff to defendant. The court, trying the cases without a jury, rendered a verdict for plaintiff in each case. The pleadings were written. The complaint in each case contains the following allegation: " That thereafter, and on or about the 28th day of June, 1907, plaintiff duly performed all the conditions of contract and duly delivered said lumber to defendant." The lumber sold was to be of a certain grade or kind. Defendant claims that it was not of this grade or kind. The plaintiff introduced no evidence whatever to prove that the lumber which it claimed to deliver was of the kind and grade specified in the contract of sale. Plaintiff relied upon a so-called acceptance of waiver by defendant. Construing section 533 of the Code of Civil Procedure the courts of this State have held that, where a complaint alleges performance of a contract, plaintiff cannot excuse nonperformance and recover because a strict compliance with the obligations of the contract has been either waived or prevented by the defendant. La Chicotte v. Richmond R. & El. Co., 15 App. Div. 380. Plaintiff alleged in its complaint performance of the contract and at the trial endeavored to prove a waiver by defendant of the performance of the letter of the contract.

Judgments in the three actions should be reversed and new trials ordered, with costs to appellant to abide the event.

Gildersleeve and Seabury, JJ., concur.

Judgments reversed and new trials ordered, with costs to appellant to abide event.